UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY ROADARMEL,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                                      Case No. 1:19-CV-445

JARED HOPKINS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (ECF No. 10). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## BACKGROUND

Plaintiff, Gary Roadarmel, initiated this action on June 10, 2019, against attorney Jared Hopkins. (ECF No. 1). In his complaint, including the attachments thereto, Plaintiff alleges the following. As of December 30, 2014, Plaintiff's son, Andrew Roadarmel, was a potential suspect in a criminal sexual conduct investigation. On this date, Plaintiff and his son spoke with attorney Jared Hopkins who agreed to represent Andrew Roadarmel in the event he was criminally charged. Andrew Roadarmel was subsequently charged with First Degree Criminal Sexual Conduct involving a minor. Hopkins was retained to represent Roadarmel for a fee of $10,000.00, of which, Plaintiff paid $9,500.00. Andrew Roadarmel later pleaded guilty to one count of Second Degree Criminal Sexual Conduct for which he was sentenced to serve 6-15 years in prison.

Plaintiff asserts that his son is not guilty of the crime to which he pleaded guilty. Plaintiff further alleges that Defendant, by failing to secure a more favorable outcome for Andrew Roadarmel, violated Plaintiff's Sixth Amendment "right to paid counsel." Plaintiff seeks the following relief: (1) to have his son's criminal case "recalled" to the trial court for further proceedings; (2) a refund of the fees he paid to Defendant for his services; and (3) an award of monetary damages in the amount of $6,250,000.00. Defendant now moves for summary judgment. Plaintiff has responded to the motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Ibid.* The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations,"

but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I.     State Action

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983, alleging that his Sixth Amendment rights were violated. Section 1983 authorizes a plaintiff to initiate a civil action against any person who violates his rights under color of state law. *See* 42 U.S.C. § 1983. In other words, a § 1983 action can only be asserted against an individual (or entity) properly characterized as a "state actor." *See Thomas v. Nationwide Children's Hospital*, 882 F.3d 608, 612-14 (6th Cir. 2018). Defendant, however, is a private actor against whom Plaintiff cannot assert a violation of his Sixth Amendment rights. *See Pedraza v. King*, 2013 WL 6330655 at *2 (N.D. Tex., Dec. 5, 2013) ("private attorneys are not 'state actors' and cannot be sued under 42 U.S.C. § 1983"); *Mink v. General Motors Corp.*, 1997 WL 428909 at *1 (6th Cir., July 30, 1997) ("private attorneys are not considered to be state actors").

Nevertheless, the actions of private individuals and entities can constitute state action where a private individual's conduct "is fairly attributable to the state." *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007). The Sixth Circuit has articulated three separate tests for determining whether conduct taken by a private individual constitutes state action: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test. *Id.* at 827-28. Plaintiff has failed to present evidence which would satisfy any of these standards. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

### II.    Standing

Article III, § 2 of the United States Constitution provides that the "judicial Power" of the United States extends only to "Cases" and "Controversies." Because the terms "case" and

"controversy" conceivably encompass many matters more appropriately addressed by the executive or legislative branches of government, these terms have been interpreted as referring to those "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). One element of the case or controversy requirement is that plaintiffs must establish that they have standing to pursue a particular claim. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997).

To establish standing to litigate a particular matter, a plaintiff must satisfy three requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact," defined as "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." The plaintiff must next establish "a causal connection between the injury and the conduct complained of." In other words, the plaintiff's injury must be "fairly. . .trace[able] to the challenged action of the defendant, and not. . .th[e] result [of] the independent action of some third party not before the court." *Ibid.* The plaintiff must also establish a likelihood that his injury will be "redressed by a favorable decision." *Id.* at 561.

The standing requirement is not to be lightly disregarded. As the Supreme Court stated, "[w]e have always insisted on strict compliance with the jurisdictional standing requirement" because "federal courts may exercise power only 'in the last resort, and as a necessity.'" *Raines*, 521 U.S. at 819. Finally, Plaintiff bears the burden of establishing that he has standing to assert his claims in a federal forum. *See Lujan*, 504 U.S. at 561.

Plaintiff has presented no evidence that *his* Sixth Amendment rights were violated. To the extent that his son's Sixth Amendment rights were allegedly violated, Plaintiff lacks standing to

pursue any such claims. Accordingly, the undersigned recommends, in the alternative, that Defendant's motions for summary judgment be granted on the ground that Plaintiff lacks standing thus depriving the Court of jurisdiction to hear this matter. *See, e.g., Keen v. Helson*, 930 F.3d 799, 802 (6th Cir. 2019) ("[i]f the plaintiff lacks standing, then the court lacks jurisdiction").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 10), be **granted** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: September 5, 2019            /s/ Ellen S. Carmody
                                    ELLEN S. CARMODY
                                    U.S. Magistrate Judge